**UNITED STATES of America,**

v.

**Adrian RAMIREZ–ELIAS, Appellant,**

**United States of America,**

v.

**Manuel Ramirez–Meza, Appellant.**

No. 03–3724, 03–3725.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 15, 2004.

Decided April 18, 2005.

Wendy A. Kelly, Office of United States Attorney, Philadelphia, PA, for United States of America.

Noah Gorson, Gorson & Gorson, Clayton A. Sweeney, Jr., Philadelphia, PA, for Appellant.

Before ALITO, AMBRO, and FISHER, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

This is a direct appeal in a criminal case. Adrian Ramirez–Elias pled guilty to two counts involving a conspiracy to possess and distribute over 1,000 kilograms of marijuana and was sentenced to the mandatory minimum sentence of 10 years for each crime.

Prior to sentencing, Ramirez–Elias argued that the penalty provision of the statute under which he was to be sentenced, 21 U.S.C. § 841(b)(1)(A), was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the statute requires a judge to determine the amount of narcotics in question, whereas *Apprendi* states a constitutional requirement that the jury determine this amount. Our opinion in *United States v. Kelly,* 272 F.3d 622 (3d Cir.2001),[1] has foreclosed this argument in this Circuit. *See also United States v. Pray,* 373 F.3d 358, 360 n. 1 (3d Cir.2004); *United States v. Chorin,* 322 F.3d 274, 282 fn. 4 (3d Cir.2003). The Supreme Court's recent decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d

---

1. We see no conflict between *Kelly* and *United States v. Barbosa,* 271 F.3d 438 (3d Cir.2001), or any other decision of our Court cited by Ramirez–Elias.

621 (2005), does not change this result. *See, e.g., United States v. Collins,* 401 F.3d 212 (4th Cir.2005) (reaffirming post-*Booker* that § 841 is constitutional under *Apprendi*).

Ramirez–Elias was sentenced pursuant to the United States Sentencing Guidelines. Having determined that issues with respect to *Booker* are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with that opinion.